FILED
2008 Feb-13  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES WILLIAMS by and through his next friend, JAMES HOLDEN, PATRICIA WALTON<br>    Plaintiffs, <br><br>v. <br><br>BLAKE DORNING, individually, and in his Official capacity as Sheriff of Madison County, Alabama,  MADISON COUNTY SHERIFF'S DEPARTMENT, The City of Huntsville, Alabama, a municipal Corporation, a legal entity subject to this lawsuit.<br>.<br>    Defendants. | **Case No.**<br>JURY TRIAL DEMANDED |

## COMPLAINT

### I.     JURISDICTION AND VENUE

Subject matter jurisdiction of this civil action lies in this Honorable Court pursuant to Title 42 U.S.C. § 1983, 42 U.S.C. § 1988, Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1332, and Title 28 U.S.C. § 1343; the United States Constitution and all Amendments thereto.  This action is brought pursuant to Title 42 U.S.C. § 1983 to redress the violation and deprivation by the Defendants acting under Color of Law, Statute, Ordinance, Regulations, Custom, Practice or Usage of the State of Alabama; the acts, omissions and unconstitutional implementation or execution of policies, practices, procedures, customs and/or operations of the City of Huntsville, Madison County Jail as run by the Madison County Sheriff's Department, which proximately caused or contributed to the injuries, and violation of civil rights suffered by the plaintiffs.

This action arises and is brought, inter alia, to redress deprivations, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States of America, to insure that the Plaintiff is redressed for any violation of the equal protection, and due process clause of the Constitution and laws of the United States of America.

This action arises under Title 42 U.S.C. § 1983, § 1985, and § 1986, and this court has jurisdiction of this action under Title 28 U.S.C. § 1331, § 1332, and § 1343 (C) and 42 U.S.C. § 1988.

The Plaintiffs are over the age of nineteen (19) years and are residents and citizens of the State of Alabama and have been so for many years.

The Defendants, individually and in their official capacities, are over the age of nineteen (19) years of age and are presently residents of the State of Alabama to the best of Plaintiff's knowledge and belief, and were at all times pertinent to this lawsuit, residents of the State of Alabama and of this Judicial District.

The Plaintiff alleges that the Defendants were at all times pertinent to this Complaint, acting individually, or in concert, either overtly or vicariously, in doing the acts or omissions and things set forth in the complaint, and the Defendants were acting in their respective capacities, and under color of Law.

The Plaintiffs allege that as the direct consequences and results of the acts of the defendants, they were deprived of their Constitutional Rights in violation and deprivation of their Constitutional Rights, and as a direct and proximate cause of said actions the Plaintiffs was made to suffer physical injury, pain, suffering, distress, and mental anguish.

The happenings which lead to the filing of this Complaint took place in the City of Huntsville, Madison County Jail. The Defendants resided in or about Madison, Alabama, at the time of the happenings complained of.

## II.   PARTIES

1.   Plaintiff, James Williams by and through his father and next friend James Williams .

2.   Plaintiff, Patricia Walton.

3.   Defendant, The Madison County Sheriff's Department, a legal entity.

4.   Defendant, The City of Huntsville, a municipal Corporation

5.   Defendant, Blake Dorning, individually and in his official capacity as Sheriff of Madison County.

## III.   FACTUAL ALLEGATIONS

1.   The plaintiff James Williams was approximately seventeen years of age when incarcerated in the Madison County Jail. He is an Afro American Male. Years ago, this plaintiff had a liver transplant done. He was operated on and treated towards recovery and given medical treatment and prescription medicines. Subsequently this plaintiff returned to his home and was living in Madison County Alabama when he was arrested and charged with a crime. Although the indictment

has not yet been returned by the Madison County Grand Jury, the alleged crime took place almost a year ago and this defendant has been incarcerated for some time with a potential charge of Capital Murder. The defendant was subsequently charged with two more killings and once again was being held in the Madison County Jail under more potential charges of Capital Murder. While in the Madison County Jail he and his family made the jail authorities knowledgeable of the fact that this defendant had a liver transplant and required daily medication, and proper medical care and treatment. The personnel at the Madison County Jail placed the defendant in a regular cellblock rather than the so called medical area cell block. This plaintiff at times has been denied his medication, has received his medication well after the time he should have received it, has not received the proper dosages, and has not received blood testing to monitor his liver and other bodily functions as required medically, for the health safety and well being of this citizen. He has been placed in an area where there was not enough supervision to protect him from assaults, and he was subjected to being attacked and getting into fights which grievously threatened his life, safety and well being and was not good for his liver. This plaintiff is not monitored properly and given proper medical treatment. This plaintiff was indigent, was given a court appointed attorney, but yet whenever he felt ill he was charged for medical treatment and had his father not put some money in the jail account for him it is unknown whether or not he would have gotten the medical treatment that he needed and he, to repeat, had the money taken out of his fund at the jail that was placed there by his family to buy necessities such as personal items for his personal hygiene. This condition has persisted and still persists as of the date of the filing of this complaint. The plaintiff has complained to his attorney of not feeling well but has not been able to get a doctor to check him out or have the proper blood test taken to see if his liver is functioning properly.

2. The plaintiff Patricia Sibley Walton was arrested and placed in the Madison County Jail on more than one occasion. On the most recent occasion she was arrest and placed in the Madison County Jail and was charged with facilitating an escape. This plaintiff also alleged the need for proper medical care when she was in the Madison County Jail and the failure of the personnel of the Madison County Jail to provide her with proper medical care is alleged. She has a background of medical problems including psychiatric problems, but she too was not placed in a medical area and was denied the treatment she needed. In regards to this plaintiff, however, a very serious situation arose. For Ought it appears this plaintiff was arrested and charged with the crime of facilitating an escape based upon alleged evidence of an alleged phone call made by a prisoner in the Madison County Jail. The prisoner was an Afro American Male. The phone call was to another Afro American Male and the plaintiff Patricia Walton, an Afro American Lady. Based on the information that the plaintiff's attorney received in regards to discovery requests stated that this plaintiff, (the defendant in the criminal matter) had confessed. There was also a statement that this plaintiff ( the defendant in the criminal matter) had conspired and planned a jail break over the phone and that the conversations had been taped. A tape was given to the plaintiff's defense counsel

3

for the criminal charge but upon playing the tape it was blank or at least there was nothing on it that could be heard. Subsequently the plaintiffs attorney was given a letter stating that there was no confession, that was a mistake and the document stating that there was a confession was a mistake. Further counsel was told that the Jail tape had been used to make a copy of the tape for the defendants attorney and that it didn't come out so they would try to make another copy for the defendants attorney. This was information given to the plaintiff's defense attorney by letter from the District Attorneys Office.  Subsequently the plaintiff's defense attorney had been told that the tape had been erased. Counsel filing this complaint was and is the defense attorney for Patricia Walton in her criminal case. He was told that the tapes were routinely made regarding all calls made from the Madison County Jail and then listened to, either as the tape was being made of the conversation, or the next day when there was time to listen to them. Despite this plaintiffs defense attorney never did find out, and was never given the names of the person or persons who were alleged to have made the tape and to have listened to the tape. The attorney has never received an legible copy of the tape and although he was told that it did exist at some time it was erased but he has no personal knowledge of this. At any rate, based upon this supposed tape evidence was presented to the grand jury and the plaintiff was indicted Counsel does not know what evidence was presented to the Grand Jury, whether the tape was played for them or not or whether they just told what was allegedly on the tape? Since felony charges have been brought against three people, allegedly parties to a phone call from the Madison County Jail and since all three people were Afro American People, (two males and one female) it appears that profiling may well be a part of the taping of calls from the Madison County Jail. At any rate,  the plaintiff alleges that the plaintiff James Williams alleges that their constitutional rights have been violated through actions of those acting under color of law as well as in other ways.

3.  The matter of the Madison County Jail has been raised before in case number CV-78-C-5010-NE in a civil rights action case, which was a class action case. I believe the case number is CV-78-5010-Ne. The last time that this case had been to court an agreement was made between the plaintiffs and the defendants regarding the conditions in the jail, a lot of attention to health matters of the prisoners and matters involving the health, well being, and safety of prisoners required by the Federal Law. Apparently the terms of the agreement have been breached. A letter addressed to the court dated March 7, 2007 addresses the problem of conditions that violate the terms of the agreement between the plaintiffs and defendants to the class action involving conditions that were to be met regarding the jail and the prisoners in the jail. A copy of that letter was also sent to this attorney for the plaintiffs. A copy of that letter is attached as Exhibit A. Some of the matters addressed in the letter affected the plaintiffs in this case, adversely.

### **COUNT I**

Plaintiffs incorporate the factual allegations made in this complaint as a part of count I. The plaintiffs incorporate the factual allegations and repeat all of the allegations made in the factual statement in this count, and furthermore state as a proximate cause of the actions and inactions of the defendants in causing the problems to the plaintiffs, as alleged in the factual allegation, the defendants acted with such negligence as to be deliberately indifferent to the plaintiffs and the plaintiffs have been damaged and seek damages.

1.  As a proximate cause of the defendant's actions and inactions towards the plaintiffs regarding actions taken under color of law by the defendants, the defendants acted with such deliberate indifference and such gross negligence as to be in deliberately indifferent towards the plaintiffs, and the plaintiffs were injured and suffered injuries and damages.

2.  As a proximate cause of the actions of the defendants regarding a failure to comply with an agreement in a class action suit regarding the metro (Madison County and the City of Huntsville) Jail. That the plaintiffs were incarcerated in, the plaintiffs were made to suffer damages by the deliberate indifference of the Defendant.

3.  The plaintiffs seek equitable remedies in enforcing the terms of the settlement of Class Action Suit CV 78-C-5010-NE and further ask for actual equitable remedies to correct the violation of the civil rights of themselves and others incarcerated or who will be incarcerated in the Madison County Jail. These equitable requests include but are not limited to proper medicine for those who need it, proper housing facilities, a safety against attacks, fights and brutality that are perpetrated on persons in the Madison County Jail and proper healthful living conditions.

4.  The plaintiffs further seek a compensation for the damages and said compensation requested is an unspecified amount to be determined as proper compensation.

## COUNT II

The Plaintiffs incorporate the factual allegations made in this complaint as a part of count I. The plaintiffs incorporate the factual allegations and repeat all of the allegations made in the factual statement, in this count, and furthermore state that as a proximate cause of the actions and inactions of the defendants in causing the problems to the plaintiffs, as alleged in the factual allegations, the defendants acted with such negligence as to be deliberately indifferent to the plaintiffs and the plaintiffs have been damaged and seek damages.

1.  As a proximate cause of the defendant's actions and inactions towards the plaintiffs regarding actions taken under color of law by the defendants, the defendants acted with such deliberate indifference, and such gross negligence as to be in deliberately indifferent towards the plaintiffs, and the plaintiffs were injured and suffered injuries and damages, and seek damages.

    2. As a proximate cause of the actions of the defendants regarding a failure to comply with an agreement in a class action suit regarding the metro (Madison County and the City of Huntsville) Jail, that the plaintiffs were incarcerated in, the plaintiffs were made to suffer damages, and seeks damages.

    3. The plaintiffs seek equitable remedies in enforcing the terms of the settlement of Class Action Suit CV 78-C-5010-NE and further ask for actual equitable remedies to correct the violation of the civil rights of themselves and others incarcerated or who will be incarcerated in the Madison County Jail. These equitable requests include but are not limited to proper medicine for those who need it, proper housing facilities, a safety against attacks, fights and brutality that are perpetrated on persons in the Madison County Jail and proper healthful living conditions.

    4. The plaintiffs further seek a compensation for the damages and said compensation requested is an unspecified amount to be determined as proper compensation.

### **COUNT III**

The Plaintiffs incorporate the factual allegations made in this complaint as a part of count I and Count II. The plaintiffs incorporate the factual allegations and repeat all of the allegations made in the factual statement, in this count, and furthermore state that as a proximate cause of the actions and inactions of the defendants in causing the problems to the plaintiffs, as alleged in the factual allegations, the defendants acted with such negligence as to be deliberately indifferent to the plaintiffs and the plaintiffs have been damaged and seek damages.

1. The plaintiff Patricia Walton was arrested and charged with a felony regarding a jail break that she was alleged to have plotted and had something to do with it. The attorney for this case was appointed as defense counsel by the court. In response to the discovery requests by defense counsel there was a police report. The police report that stated that Patricia Walton has confessed. The charges against Ms. Walton seemed to be based upon a telephone conversation between a person in the jail, Patricia Walton and another party. This conversation, almost two years ago, appears to be the evidence used to get an indictment and charge this defendant ( one of the plaintiffs in this case). When defense counsel was not given a copy of the recorded phone conversation he filed a motion to compel and thereafter was given what purported to be an audio copy of the telephone conversation. When he played it there was nothing. The prosecutor said that, and wrote a letter to the effect that, the audiotape was blank and that the prosecutor was attempting to get another copy for defense counsel. Subsequently defense counsel had been informed that the tape had been erased, destroyed, or otherwise was no longer available.

2. The defense was maintaining that the taped telephone conversation would be exculpatory and crucial evidence for the defendant.  This had been asked for sometime ago and finally defense counsel was told that it no longer exists.

3. As a proximate cause of the handling of evidence in such a manner as to be deliberately indifferent to the constitutional rights of the defendant ( the plaintiff in this case) the defendant has been most severely prejudiced by not having this evidence available. As a proximate cause of the grossly negligent or deliberately acted upon, handling of this evidence so as to be deliberately indifferent to the constitutional rights of the defendant (the plaintiff in this case) Patricia Walton has been grievously damaged and seeks equitable relief and damages. Patricia Walton seeks equitable relief in regards to the handling of evidence, the defendant is seeking a dismissal with prejudice in her criminal case, and seeks whatever damages this court sees fit to award as compensation for the trauma, physical and mental that this defendant has gone through.

4. The actions by law enforcement in this case seem to be based upon a monitoring of calls involving prisoners in the jail and, defense counsel was told subsequently all of the calls were listened to at some later time by some unnamed law enforcement person. It appears that a number of indictments and charges have been made as a result of information allegedly gained through listening to tapes of phone calls from the jail. The moving party will allege that it appears that almost every person charged as a result of monitoring of phone calls (which would be legal and proper under Alabama Law) seems to be Afro American persons, or persons other than Caucasian. It appears that certain phone calls have been used, and may still be used, in the Madison County Jail in regards to making criminal cases. Apparently not all of the tapes are preserved and some are kept some period of time and some are not. It appears that, there is profiling regarding those phone calls or tapes of phone calls that are made of prisoners that are other than Caucasian prisoners and criminal charges are subsequently made.  This does not seem to be within Constitutional guidelines and the profiling, using a selected category of prisoners, as, the plaintiff alleges, the defendants acting under the color of law to violate the Constitutional Rights of non Caucasian prisoners. As a proximate cause of these aforementioned actions regarding phone calls and profiling, with the defendants acting under color of law and violating the constitutional rights of non Caucasian prisoners, the plaintiff and others have been damaged and seek equitable remedies and damages that the court feel would remedy  the damages done to the plaintiff.

/S/ Electronic Signature
ROBERT M. SHIPMAN     (SHI005)
Attorney for Plaintiffs
220 Walker Avenue
Huntsville, AL  35801
(256) 533-4595


PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES, COUNTS, AND CAUSES OF ACTION THAT ARE TRIABLE BY JURY.


/S/Electronic Signature
ROBERT M. SHIPMAN